DECISION
Plaintiff appeals from Defendant's determination to disqualify a 2.6 acre parcel of land from farm use special assessment for the 2007-08 tax year. Trial was held by telephone November 14, 2007. Plaintiff appeared on his own behalf. Defendant was represented by Glen White (White), Senior Appraiser, Rural Farm Section, Marion County Assessor's Office.
 I. STATEMENT OF FACTS
Plaintiff lives on a 3.62 acre parcel. He has owned the property for approximately 30 years. Over that time Plaintiff has undertaken various farm-related activities on a portion of the property, including raising cows and other animals. The present dispute involves an area of approximately 2.6 acres behind Plaintiff's home that has been specially assessed as farmland. The property is zoned exclusive farm use and is identified in the assessor's records as Account R47628.
Defendant disqualified the property from special assessment by letter dated April 27, 2007. The basis for the disqualification was a lack of qualifying farm use. Plaintiff appealed, requesting that it be allowed to remain in farm deferral because he is preparing the land for the planting of Christmas trees.
Plaintiff concedes that he was not farming the property in January 2007, which is the assessment date for the 2007-08 tax year. Plaintiff testified that he plans to plant Christmas trees *Page 2 
on approximately half of the disputed acreage in February 2008 and to finish planting trees on the other half of the land in February 2009, weather permitting. The reason for the staggered planting is that Plaintiff desires to harvest the trees over a number of years rather than all at once. Plaintiff testified that his Christmas tree farm plan could not be executed "overnight" because he lacked the financial resources to purchase a tractor to prepare the land, and then to purchase the requisite number of Christmas trees to begin his farm.
Plaintiff further testified that he purchased a tractor with a neighbor in April 2007, and then rototilled the land in July 2007. Plaintiff submitted photographs showing that the land has indeed been tilled. Plaintiff has a pleasure horse that he has kept on the property for approximately 25 years. Plaintiff testified that he will need to erect a cross-fence between his backyard and the field where the trees will be planted in order to keep the horse out of that field.
According to White's testimony, representatives from the assessor's office visited Plaintiff's property on July 26, 2006, and again on February 10, 2007. On the first visit, the appraiser noted 3 foot tall grass, one pleasure horse, and a small family garden. The appraiser who made the second visit observed the same conditions.
Defendant sent a letter to Plaintiff o n April 13, 2007, indicating its intent to disqualify the property from special assessment unless Plaintiff had information about a qualifying farm use for the property. Plaintiff was given 10 days to respond. According to the testimony, Plaintiff phoned the assessor's office on April 20, 2007, indicating that he had bought a tractor and planned to plant Christmas trees over the next two or three years. Defendant concluded that the property did not currently qualify for special assessment and disqualified the property on April 26, 2007. Defendant sent Plaintiff a letter to that effect the following day. Plaintiff appealed, asking that he be allowed to remain "farm exempt." *Page 3 
When questioned by the court, Plaintiff testified that the last farm-related activity he undertook on the property was the raising of cows between 2004 and sometime in 2005 or early 2006, when the animals were slaughtered for meat. Plaintiff sold some of the meat to family members and kept some for himself.
 II. ANALYSIS
Recognizing that "agriculture and related land uses contribute significantly to Oregon's character and economy[,]" the legislature has declared: "it is the declared intent * * * that bona fide farm properties be assessed for ad valorem property tax purposes at a value that is exclusive of values attributable to urban influences or speculative purposes." ORS 308A.050.[1] In support of that policy, "[a]ny land that is within an exclusive farm use zone and that is used exclusively for farm use shall qualify for farm use special assessment under ORS 308A.050 to 308A.128 * * *." ORS 308A.062(1) (emphasis added). Qualification for farm use special assessment results in a considerably lower land value, with correspondingly reduced property taxes.
"Farm use" is defined in ORS 308A.056 as "the current employment of land for the primary purpose of obtaining a profit in money" by using the property for one of several qualifying farm uses. Qualifying farm uses include certain income-related "gardening," raising and selling livestock, dairying, and the stabling of horses. In that regard, the statute provides in relevant part:
 "(1) As used in ORS 308A.050 and 308A.128, `farm use' means the current employment of land for the primary purpose of obtaining a profit in money by:
 "(a) Raising, harvesting and selling crops;
 "(b) Feeding, breeding, managing or selling livestock, poultry, fur-bearing animals or honeybees or the produce thereof; *Page 4 
 "(c) Dairying and selling dairy products;
 "(d) Stabling or training equines, including but not limited to providing riding lessons, training clinics and schooling shows[.]"
ORS 308A.056.
Although Plaintiff did have a family garden on the property in 2007, and did board a pleasure horse on the land, those activities do not qualify the property for farm use special assessment because that use was not primarily for the purpose of making a profit in money, as required by ORS 308A.056. As this court noted in Everhart v. Departmentof Revenue, 15 OTR 76, 79 (1999), "[t]he use of the word `current' refers to the present use of the land and suggests that the past or future use is largely irrelevant. The word `employment' suggests an active, purposeful, directed use of the land." (Emphasis added.) Plaintiff's income producing plans are prospective in nature — they depend on future activity in planting and then harvesting Christmas trees. So far, all Plaintiff has done is till the ground, and that activity did not occur until halfway through the 2007 calendar year. Moreover, preparatory activities such as tilling the land are not enough to qualify property for special assessment. Lippert v. Jackson CountyAssessor, TC-MD No 991240C, WL 291730 (Feb 7, 2000). Finally, a qualifying farm activity must occur "as of January 1 of the assessment year." ORS 308A.062(2).
The growing and harvesting of Christmas trees is a qualified farm use under ORS 308A.056(2).[2] However, the land must be currently employed in such an endeavor. Plaintiff was not growing and harvesting Christmas trees in 2007. Plaintiff began the process *Page 5 
for that activity by tilling the land in July 2007, but the trees will not be planted until approximately February 2008. Accordingly, Plaintiff's property did not qualify for farm use special assessment for the 2007-08 tax year. There is no evidence of a qualifying use of the property in 2007.
 III. CONCLUSION
Plaintiff's request for reinstatement of farm use special assessment for the 2007-08 tax year is denied because the 2.6 acre portion of property at issue did not qualify for farm use special assessment in 2007. Specifically, the property was not used "exclusively for farm use," as required by ORS 308A.062(1), in that it was not currently employed in a qualifying farm use engaged in primarily for the purpose of obtaining a profit in money, as required by ORS 308A.056. Accordingly, Defendant's disqualification will not be overturned by the court. Now, therefore,
IT IS THE DECISION OF THIS COURT that Plaintiff's appeal is denied and Defendant's disqualification for the 2007-08 tax year stands.
Dated this ___ day of February 2008.
If you want to appeal this Decision, file a Complaint in the RegularDivision of the Oregon Tax Court, by mailing to: 1163 State Street,Salem, OR 97301-2563; or by hand delivery to: Fourth Floor, 1241 StateStreet, Salem, OR.
 Your Complaint must be submitted within 60 days after the date of theDecision or this Decision becomes final and cannot be changed.
 This document was signed by Magistrate Dan Robinson on February 6,2008. The Court filed and entered this document on February 6,2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005.
[2] ORS 308A.056(2) provides:
 "`Farm use' does not include the use of land subject to timber and forestland taxation under ORS chapter 321, except land used exclusively for growing cultured Christmas trees or land described in ORS 321.267(3) or 321.824(3) (relating to land used to grow certain hardwood timber, including hybrid cottonwood).
(Emphasis added.) *Page 1